FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 JUL 29  AM 11: 56

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**ROBERT WALLS,**　　　　　　　　　　　CASE NO.:

　　Plaintiff,　　　　　　　　　　　3:16cv964-J-39 JRK

v.

**LOWE'S, INC.**

　　Defendant.

_____/

# COMPLAINT

Plaintiff, ROBERT WALLS, hereby sues Defendant, LOWE'S INC., and alleges:

## NATURE OF THE ACTION

1.　This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §§12101 et seq.; 29 U.S.C. §621 et seq.; and 42 U.S.C. §1981a. This is also an action brought pursuant to the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2.　This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of costs and interests, and for prospective injunctive relief. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).

## THE PARTIES

3.　At all times pertinent hereto, Plaintiff, ROBERT WALLS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his actual or perceived disability and his age (over 40). Moreover, Plaintiff engaged in protected activity and was subjected to retaliation thereafter. Plaintiff worked more than 1,250

hours in the year immediately preceding his need for leave for a serious medical condition under the FMLA.

4. At all times pertinent hereto, Defendant, LOWE'S INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a 50-year-old male, began his employment with Defendant in June 2000 and currently holds the position of Store Manager at Store #503.

7. Plaintiff has been and continues to be subjected to retaliation, disparate treatment, different terms and conditions of employment, and held to a different standard because of his age, actual or perceived disability and record of impairment

8. The mistreatment comes at the hands of management and human resources employees of Defendant.

9. On September 4, 2014, Plaintiff was approved for intermittent medical leave under the FMLA as he suffers from a serious medical condition.

10. Upon his return to work, he was subjected to adverse employment action due to his actual and/or perceived disability and because he took FMLA leave. Specifically, Plaintiff's

2

District Manager told Plaintiff that it seemed like he "lost a step or two" and wanted to put him in a store with less volume. Plaintiff was also told that because of allegations against Plaintiff that he could be terminated if he did not agree to go to another store. Plaintiff was demoted on November 15, 2014, with a pay cut of $7,000 per year. That same week, several other employees changed stores with no pay adjustment, specifically but not limited to Adam Mullis and James Bayer. Both Mullis and Bayer are younger than Plaintiff and they are not disabled.

11. Defendant has engaged in a pattern and practice of age discrimination against older employee's as Managers John Hixon, Cal Lewis, Rob Gross and James Hines were all terminated or forced into retirement and replaced with younger workers. Because of the stress associated with the actions against and/or involving Plaintiff, he was forced to take extensive time off in order to return to work.

12. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## DISABILITY DISCRIMINATION

13. Paragraphs 1-12 are re-alleged and incorporated herein by reference.

14. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes, and 42 U.S.C. §§12101 et seq..

15. Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

3

16. Defendant is liable for the differential treatment of Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

17. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

18. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to adverse action against Plaintiff.

19. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability and/or his record of having an impairment.

20. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

21. Paragraphs 1-12 are re-alleged and are incorporated herein by reference.

22. This is an action against Defendant for harassing Plaintiff due to using leave time, and for terminating Plaintiff for taking time off that was authorized by and protected under the FMLA. This is thus an interference and retaliation claim.

23. After taking leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against him for using leave.

24. Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after taking protected leave.

25. Defendant's violations of the FMLA were willful.

26. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided. Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of his job. These damages have occurred in the past, are occurring at present and will continue in the future.

## COUNT III
## AGE DISCRIMINATION

27. Paragraphs 1 -12 are re-alleged and incorporated herein by reference.

28. This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes and 29 U.S.C. §621 et seq..

29. Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

30. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

5

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

31. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

32. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

33. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age based nature and in violation of the laws set forth herein.

34. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

35. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes, and 29 U.S.C. §621 et seq..

36. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and to punitive damages under Chapter 760, Florida Statutes and to liquidated damages under the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement to his prior position within Defendant.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 27th day of July 2016.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF