[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12055
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00964-BJD-JRK

ROBERT WALLS,

                                                          Plaintiff - Appellant,

versus

LOWE'S HOME CENTERS, LLC,
d.b.a. Lowe's,

                                                    Defendant – Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 16, 2019)

Before BRANCH, FAY, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Walls appeals the district court's order granting summary judgment in favor of his employer, Lowe's Home Centers, LLC ("Lowe's"), as to his complaint alleging that Lowe's discriminated against him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01-760.11, Americans With Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, and Title VII of the Civil Rights Act of 1964  ("Title VII"), 42 U.S.C. § 2000e-1, *et seq.*  Walls argues that the district court erred in granting summary judgment as to his age and disability discrimination claims because he successfully rebutted Lowe's' legitimate and nondiscriminatory reasons for transferring him to a different store and reducing his salary.  Additionally, Walls argues that the district court erred in dismissing his hostile work environment claim because he provided evidence that Lowe's subjected him to a severe and persistent pattern of harassment.

I.

We review a district court's entry of summary judgment *de novo*.  *Hallmark Developers, Inc. v. Fulton Cty., Ga.*, 466 F.3d 1276, 1283 (11th Cir. 2006).  A court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In determining whether there is a genuine dispute of

material fact to defeat a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A material fact is that which is relevant or necessary to the outcome of the suit. *Id.* at 248. And a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

Title VII is violated when the workplace is permeated with discriminatory intimidation, ridicule, and insult that are sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *Trask v. Sec'y, Dep't. of Veterans Affairs*, 822 F.3d 1179, 1195 (11th Cir. 2016). To prove a *prima facie* case for hostile work environment, the plaintiff may establish that: (1) he belonged to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and create an abusive working environment; and (5) a basis exists for holding the employer liable. *Id.*

The "severe and pervasive" requirement contains both an objective and a subjective component. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). Thus, to be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an

3

environment that the victim subjectively perceives to be abusive. *Id.* In evaluating the objective severity of the harassment, we consider, among other factors: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id.*

Under the ADA, it is unlawful for an employer to discriminate against a qualified individual on the basis of a disability in regard to the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). The ADEA is the ADA's counterpart with respect to age. *See* 29 U.S.C. § 623(a)(1). In the absence of direct evidence, a plaintiff may rely on indirect or circumstantial evidence of discrimination or retaliation. *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1255 (11th Cir. 2012). In such circumstances, we apply the *McDonnell Douglas*[1] burden-shifting framework. *Id.* Under this analysis, a plaintiff may establish a *prima facie* case of discrimination by showing that (1) he was a member of a protected class, (2) he was qualified to do the job, (3) he was subjected to an adverse employment action, and (4) similarly situated employees outside of the protected class were treated differently. *Id.*

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

A plaintiff can survive summary judgment by presenting circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent. *Id.* A plaintiff may use non-comparison circumstantial evidence to raise a reasonable inference of intentional discrimination and thereby create a triable issue. *Id.* If the circumstantial evidence is sufficient to raise a reasonable inference that the employer discriminated against the plaintiff, the plaintiff has presented a *prima facie* case. *Id.* at 1256.

If a plaintiff can present a *prima facie* case through circumstantial evidence, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment action. *Id.* at 1255. If the defendant satisfies this burden of production, the burden shifts back to the plaintiff, who must show that the articulated reason is merely a pretext for discrimination and was not the true reason for the employment decision. *Id.* A plaintiff may satisfy this burden either by directly persuading the court that a discriminatory reason more likely motivated the employer or by indirectly showing that the employer's proffered explanation is unworthy of credence. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Despite these shifts in the burden of production, the ultimate burden of persuasion remains on the plaintiff to show that the defendant intentionally discriminated against him. *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010).

Pretext means that the reasons given by the employer were not the real reasons for the adverse employment decision. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006). A reason cannot be a pretext for discrimination unless it can be shown both that the reason was false, and that discrimination was the real reason. *Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006). The plaintiff must make this showing by introducing significantly probative evidence. *Id.* As long as the employer offers a reason that might motivate a reasonable employer, the employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000). The court is not in the business of judging whether employment decisions are prudent or fair – rather, the court's sole concern is whether unlawful discriminatory animus motivates a challenged employment decision. *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002).

The FCRA makes it unlawful for employers to discriminate on the basis of race, color, religion, sex, national origin, age, handicap, or marital status. *See* Fla. Stat. §§ 760.01(b), 760.10. Claims under the FCRA are analyzed under the same framework as claims brought under, in relevant part, Title VII or the ADEA. *See, e.g.*, *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1310 (11th Cir. 2007) (noting that Florida courts apply Title VII caselaw when interpreting the

FCRA); *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014) (noting that age-related discrimination actions under the FCRA are analyzed under the same frameworks as the ADEA).

Here, the district court did not err in granting summary judgment as to Walls's hostile work environment claim because Walls failed to establish that the harassment was sufficiently severe or pervasive such that it altered the conditions of his employment. *See Trask*, 822 F.3d at 1195; *Miller*, 277 F.3d at 1276. Each of the events which Walls testified to involved legitimate work place investigations that a reasonable jury could not have found to be sufficiently severe, frequent, threatening and humiliating to create an abusive work environment. *See Miller*, 277 F.3d at 1276. In each instance, Lowe's initiated an investigation due to a complaint filed by another Lowe's employee, and the investigations either determined that the complaints were unfounded or, when misconduct was discovered, issued Walls a written notice and gave no further discipline. Moreover, the investigations did not constitute "frequent" harassment, because they occurred only once every one to two years. *See Miller*, 277 F.3d at 1276.

As for Walls's age and disability discrimination claims, the district court did not err in determining that Walls failed to show that Lowe's' legitimate nondiscriminatory reasons for transferring Walls were pretextual. *See Chapter 7 Tr.*, 683 F.3d at 1255. Lowe's asserted that it determined to transfer Walls to the

Regency store based on its belief that Walls wanted to be transferred and that Walls' strength in sales would be beneficial to a smaller store that required fewer managerial tasks, both of which were supported by the record.  Moreover, Lowe's demonstrated that it set Walls's salary based on the formula it used for each store manager, and even gave him a slight increase.  Walls did not offer significantly probative evidence to rebut these legitimate and nondiscriminatory reasons, as (1) he offered no evidence showing that these reasons were false and (2) his "me too" evidence of other store managers did not show that his age or disability were the true reason behind his transfer because these managers were removed under circumstances different from Walls – one retired, one was terminated after refusing to write up one of his assistant managers, and the third one was terminated pursuant to Lowe's' progressive discipline policy and under circumstances very different from Walls'.  *See Chapter 7 Tr.*, 683 F.3d at 1255; *Brooks*, 446 F.3d at 1163.  Thus, even assuming that Walls stated a prima facie claim for age or disability discrimination, Lowe's met its burden to articulate legitimate and nondiscriminatory reasons for the adverse employment actions, and Walls was unable to provide significantly probative evidence showing that Lowe's' articulated reasons were false and that its real reasons were discriminatory.  *See Chapter 7 Tr.*, 683 F.3d at 1255; *Brooks*, 446 F.3d at 1163.

    **AFFIRMED.**

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 16, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-12055-GG
Case Style: Robert Walls v. Lowe's Home Centers, LLC
District Court Docket No: 3:16-cv-00964-BJD-JRK

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs